UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JAMES COLE,

                        Plaintiff,                        04 Civ. 1936 (PKC)

    -against-

                                                  <u>ORDER</u>

MR. ERNEST EDWARDS, Superintendent
Otisville Correctional Facility; MR. GLENN
GOORD, Commissioner, Department of
Correctional Services; T.G. EGEN, Director,
Central Office Grievance Committee; DOCTOR
SARRICK, Medical Staff Otisville Correctional
Facility; MRS. H. MILLER, Medical Staff/N.A.
Otisville Correctional Facility
                              Defendants.
-------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff James Cole, a former inmate at the Otisville Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983 alleging that he was contaminated with harmful bacteria allegedly present in the facility's water supply, resulting in a long-term gastrointestinal injury. Cole contends that the defendants were deliberately indifferent to his health, therein violating the Eighth Amendment to the United States Constitution.

        This action was transferred to this District from the Northern District of New York on March 18, 2004, and assigned to my docket as potentially related to an identical complaint filed in this District, <u>Cole v. Edwards</u>, 03 Civ. 5214 ("<u>Cole II</u>"). <u>Cole II</u>, which was filed on July 15, 2003, was dismissed as duplicative of the present action, which had been filed on February 18, 2003. The present action was referred to

Magistrate Judge Francis for general pretrial management and for consideration of any dispositive motion.

On April 8, 2005, Magistrate Judge James C. Francis IV issued a Report & Recommendation ("R&R") recommending that this action be dismissed due to the plaintiff's failure to prosecute. According to the R&R, in August 2004, defendants served interrogatories on Mr. Cole, who failed to respond to them. The interrogatories were served a second time, and Mr. Cole failed to respond to them by Magistrate Judge Francis's deadline of October 22, 2004. They were served for a third time, and Magistrate Judge Francis set a deadline of January 10, 2005 for Mr. Cole to respond. In a memorandum endorsement dated December 22, 2004, Magistrate Judge Francis stated that "the action may be dismissed" if the plaintiff failed to comply with the deadline. In a memorandum endorsement dated January 19, 2005, Magistrate Judge Francis again extended the deadline, to January 31, 2005. According to the R&R, as of April 8, 2005, Mr. Cole had failed to respond to the interrogatories.

The R&R recommends that the action be dismissed pursuant to Rules 16(f), 37(b)(2)(C), and 41(b), Fed. R. Civ. P., for failure to prosecute. (R&R at 3-4) As the R&R noted, dismissal is a harsh remedy appropriate only in extreme circumstances, and courts should be especially hesitant about dismissing the claims of pro se litigants. (R&R at 4, citing Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998)) Nevertheless, the R&R noted, pro se litigants are required to adhere to court orders or face consequences for their failure to do so. (R&R at 4)

Magistrate Judge Francis noted the five-month duration since the interrogatories were first served, and stated that three months passed since he first

2

directed Mr. Cole to respond to them. (R&R at 4-5) He observed that the defendants have been prejudiced by the plaintiff's refusal to respond to discovery requests, inasmuch as they obtained no discovery as to the plaintiff's assertion that they were personally involved in his underlying injuries. (R&R at 5) The R&R concluded that dismissal was the appropriate sanction because the plaintiff's failure to comply with the discovery requests prejudiced the defendants' ability to prepare for trial: "The discovery that the plaintiff has failed to produce goes to the heart of his case." (R&R at 6)

In addition, the R&R properly weighed the factors necessary to determine whether dismissal is the appropriate remedy to a party's failure to comply with discovery orders. See Spencer, 139 F.3d at 112-13. It concluded that the plaintiff's failure to comply with the discovery orders was substantial; that the plaintiff was on explicit notice that failure to comply would result in dismissal; that defendants were prejudiced by the delay; that the Court's efficiency was undermined by plaintiff's failure to comply with his discovery obligations; and that other measures, such as monetary sanctions, were inadequate to cure the prejudice caused by the delay. (R&R at 4-6)

Nearly two months have passed since Magistrate Judge Francis filed the R&R recommending that the action be dismissed for failure to prosecute. The plaintiff has filed no objections, and has not communicated with the Court in any other respect. In light of Magistrate Judge Francis's R&R and the plaintiff's failure to object to the recommendations contained therein, I conclude that dismissal of this action is appropriate.

## Conclusion

Because the R&R is well-reasoned and thoroughly grounded in law, I adopt it in full. The complaint is dismissed and the Clerk is directed to enter judgment in favor of the defendants.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
June 7, 2005

4